# APRIL, 1925.

### JIM TURMAN v. THE STATE.

No. 8383.   Delivered April 29, 1925.

Rehearing granted June 24, 1925.

1.—Transporting Intoxicating Liquor—Postponement—Properly Refused—No Diligence Shown.

Where on a trial for transporting intoxicating liquor, appellant requested a postponement in order to secure the presence of the witness Riddle, no diligence being shown, the court properly refused to grant the postponement.

2.—Same—Evidence—Intoxicated Condition—Properly Admitted.

Appellant and one Will Taylor were found together, in appellants automobile towing that of Taylor, and when stopped by officers the State contended, appellant threw a jug of whisky out of his car. It was not error for the state to show that at that time, Will Taylor was drunk.

3.—Same—Bills of Exception—New Trial—Filed Too Late—Practice.

Where in a motion for a new trial appellant sets out newly discovered evidence, and evidence is heard in support of the motion, the bill of exception presenting the matter for review, must be filed during the term at which the motion is passed on. See Vineyard v. State, 96 Tex. Crim. Rep. 401 and authorities there cited. Where sufficient time of the term does not remain after the motion is overruled in which to prepare bills, the court should be requested to continue the term for this purpose.

4.—Same—Evidence—When Conflicting—For Jury.

Where the evidence in a case on trial is conflicting, the testimony of the state showing guilt, while the testimony of the appellant establishes his innocence, it is the province of the jury to pass upon the credibility of the witnesses, and their findings in this regard will not be disturbed on appeal.

##### ON REHEARING

On reconsideration, this being a case of circumstantial evidence, the conflict between the State and appellant's witnesses sharply drawn, we conclude that the trial court erred in refusing to grant appellant a postponement to secure the attendance of the witness Jim Riddle, the name and address of

said witness not having been ascertained until the day of his trial, and for this error the motion for a rehearing is granted, and the cause reversed and remanded.

Appeal from the District Court of Kimble County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Coke R. Stevenson* and *M. E. Blackburn,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was charged by indictment in the district court of Kimble County with unlawfully transporting intoxicating liquors and convicted in said court of said offense on the 7th day of September, 1923, and his punishment assessed at one year's confinement in the penitentiary; from which conviction he has appealed to this court upon errors assigned and set out in his bills of exception from 1 to 4, inclusive.

Bill No. 1 complains of the action of the court in not postponing the case for want of the testimony of the witness Riddle, who was alleged to have resided in said county, which application was overruled by the court apparently for the want of proper diligence, and we are unable to say that such ruling was erroneous.

Appellant complains of the action of the court in permitting the State's witness Randle to testify that at the time of the arrest of appellant Will Taylor was drunk, upon the ground that same was immaterial and calculated to inflame the minds of the jury and prejudice them against him. The undisputed testimony shows that the defendant and said Taylor left Junction City together, had gone some seven or eight miles in the country and returned together, and had reached the bridge near the town of Junction, where the defendant was arrested and his car searched for whiskey, and, if the testimony of the State's witnesses is to be believed, whiskey was found therein and was being transported in said car at said time. This being the State's contention, any act of either of the parties while together and acting together or their appearance that would tend to prove that whiskey was then being transported would be a circumstance admissible in favor of the State, and we are unable to agree with the contention of the appellant in this particular. We are not unmindful of the fact that a great deal of testimony upon the part of the defendant was introduced to show that neither Taylor nor himself was under the influence of whiskey or even had whiskey at

the time; but, upon the other hand, that was a controverted issue in the case, sharply contested on both sides, and an issue left entirely to the jury to pass upon, and not the court.

In bill of exception No. 3 appellant complains of the action of the court in not instructing the jury to return a verdict of not guilty, and what we have said with reference to the issues above mentioned will dispose of this contention.

The fourth bill of exception raises the complaint against the action of the trial court in overruling the motion for new trial on account of the alleged discovery of material testimony since the trial of the case, in which there is set out at length quite a volume of testimony that would, if introduced upon the trial, tend to prove the contention of the appellant. But, under the decisions of this court, which are now the well settled law of this State, that on account of said bill of exception not having been filed within the term of said court, we are unable and not authorized by the statute or the decisions to consider same. Vineyard v. State, 96 Texas Crim. Rep. 401, 257 S. W. 548, and authorities there cited.

Appellant in his brief complains of not having sufficient time to prepare and file this bill of exception before court adjourned, the motion for new trial being acted upon on the day of adjournment. The record fails to show any request to the court to continue the term for this purpose or the court's refusal to do so, nor does the record show that the motion should not have been acted upon prior to said date.

The record discloses a hotly contested trial of this case in the lower court, in which there was much evidence introduced both by the State and especially by the defendant on the issue as to whether or not defendant at the time alleged was transporting intoxicating liquors. In fact, that is practically the only issue presented in the case. The jury would have been warranted in finding a verdict in behalf of the defendant or in behalf of the State, depending upon which witnesses they believed to be telling the truth in the matter. That issue being left entirely to the jury, when passed upon by them this court would not be authorized under such circumstances to interfere with same.

After a careful investigation of the entire record, we find no reversible error of the trial court, and therefore the judgment of the lower court is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Responding to the appellant's motion for rehearing and oral argument thereon, we have re-examined the record. It was the State's theory that the appellant, possessed in an automobile driven upon the public road a bottle or jar which contained whiskey. The fact that he did possess or transport whiskey or intoxicating liquor was categorically denied by the appellant.

The State relied upon circumstantial evidence to establish its theory. The evidence, as we gather it from the record, is in substance this: Appellant and one, Will Taylor, were upon a public road, each of them being in an automobile. Appellant was driving his car and that of Taylor, which was disabled, was trailed behind the car of the appellant. The sheriff, after meeting and passing the appellant and Taylor, turned and followed them and later accosted them upon a bridge. There were two other persons with the sheriff. The deputy sheriff and these witnesses testified in substance that before his car stopped, appellant threw a bottle or jar off the bridge. After some little time one of the parties with the sheriff examined the ground in the neighborhood of the bridge, and according to his testimony, he found pieces of glass which had the appearance of a broken glass jar. There was odor of whiskey about the jar and odor of whiskey upon a place were the ground was moist. There was also the taste of whiskey upon one of the pieces of glass which, according to the State's testimony, was found. The State's witnesses also claimed that the appellant and Taylor were intoxicated.

The appellant's theory, supported by his testimony and by that of Taylor, was a specific denial of the possession of any of the whiskey or intoxicant. He disclaimed any connection with the bottle or jar that was found and specifically denied that any article was thrown out of the car. It was conceded by the State's testimony that other persons were nearby; that some of them were upon the road behind the car and others in other localities. These witnesses, according to their testimony, placed themselves in a position to see what happened at the time of the arrest. They negatived the fact that anything was thrown from the car. They also controverted the fact that either the appellant or Taylor bore any indication of intoxication or the use of intoxicants. Sometime before the arrest, according to the testimony. Taylor's car had become disabled and he and appellant had worked upon the cars for some time, first in trying to start Taylor's car and later in linking them together so that the appellant's car might draw that of Taylor. While so engaged, several persons passed the appellant and Taylor on the public road. Some of them stopped and had an opportunity to observe both the condition of the cars and the condition of the appellant and Taylor. These witnesses gave testimony controverting the State's theory

that the appellant and Taylor were drunk. They also controverted the fact that there was whiskey in either of the cars. These witnesses, however, admitted upon cross-examination that their examinations of the cars were not such as to make conclusive the absence of whiskey. In other words, they admitted upon cross-examination that it was possible that there might have been a bottle or jar of whiskey in one of the cars which was not observed by them.

Appellant testified that while they were working with the cars as detailed above, some persons with whom he was not acquainted stopped and rendered assistance and that these persons had a better opportunity for observing the cars than the other disinterested witnesses who had testified upon the trial. Riddle, one of the witnesses named in the application to postpone, according to the appellant's testimony, rendered assistance in the transaction referred to and was in a position to testify, that the car did not contain any whiskey; that his examination of it was such as to preclude the presence of whiskey there.

In his motion to postpone the appellant averred that he was a stranger in the county and that he had not learned the name of Riddle or his place of residence until the day of the trial; that he then became aware of the fact that the witness who had aided him and whose testimony would be definite as to the absence of whiskey in the car was Jim Riddle; that he was a resident of Kimble County. It is further stated in the motion that appellant expected to prove these facts by Riddle and that he accounted for the failure to have process issued for Riddle by the averment that until the day of the trial he did not know either the name or the place of residence of Riddle. It also appears from the motion and from the record that the term of court was made a short one by law; that it began on the third day of September; that the appellant was indicted on the 4th of that month and tried upon the 7th; that the witnesses whose attendance he had secured did not arrive until the day of the trial or the day before; that the attorneys whom he promptly employed after indictment were constantly engaged in the trial of cases during the day and until the late hours of the night; that he had no opportunity for a conference with them until the day the case was called for trial, which was two full days after the indictment; that in the conference with the attorneys the appellant learned the name and place of residence of Riddle, and his counsel learning of the testimony which was expected from the witness, made a motion to postpone until a later day of the term to the end that process for Riddle might be obtained and his attendance secured.

Note is taken of the fact that the violation of the law was sharply controverted. Some of the appellant's witnesses who had chanced to see him on the road were shown to be disinterested. One of them

had been sheriff and tax collector of an adjoining county for about ten years. Others were citizens of the county and who were apparently disinterested. The State's witnesses were likewise men of standing. Besides the appellant was his companion Taylor. The absent witness, if present, according to the averments of the motion which are not controverted, would have pertinently supported appellant's theory on points which were not covered by other witnesses. Appellant testified in his own behalf. The materiality of the testimony of the absent witness is not deemed open to question; nor is it the basis for the legal conclusion that it was not probably true or that the witness would not probably have given the testimony. Considering the nature of the case and the closely controverted issues, we think it cannot be determined that the testimony of Riddle might not have changed the result. The motion seems to have been denied upon the ground of lack of diligence. At least, we draw that inference as no subpoena had been issued for Riddle. In our opinion, under the circumstances, the diligence was such as the law demanded and the importance of the testimony was such, viewed in the light of the evidence, as should have resulted in a new trial.

In reaching this conclusion, we have not failed to take note of the statutory rules and judicial interpretation with reference to the discretion of the trial court in matters of this kind. The motion to postpone was in writing and verified by affidavit as required by Art. 608, C. C. P. The matter of diligence, not controverted by State's counsel, is permitted by Art. 612, C. C. P. In the light of the evidence and the motion to postpone, a new trial should have been granted.

The motion for rehearing is granted, the affirmance set aside, the judgment reversed and the cause remanded.

*Reversed and remanded.*