LUTHER SHERMAN v. THE STATE.

No. 9217.   Delivered June 10, 1925.

**Sale of Intoxicating Liquor—Continuance—Improperly Refused.**

> Where appellant makes a first application for a continuance, and
> shows proper diligence to secure the attendance of a witness, and that
> the facts which could be proved were material to his defense, it is error to
> refuse to grant such application.  See Sec. 335 page 193 Branch's Ann. Tex.
> P. C. for collation of authorities.

Appeal from the District Court of Cass County.   Tried below be-
fore the Hon. Hugh Carney, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty,
three years in the penitentiary.

The opinion states the case.

*H. A. O'Neal* and *G. T. Bartlett,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant
State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court
of Cass County for the offense of selling liquor and his punishment
assessed at three years confinement in the penitentiary.

The facts show that the sale was made, if made, on or about the
15th day of August, 1924, and that the whiskey was secured near
appellant's house and carried by appellant and prosecuting witness
to his house and some of it drunk at the house by the prosecuting
witness.   The record further shows that appellant was arrested on
the 5th day of October, 1924, and that on the 7th day of October,
1924, a subpoena was issued and placed in the hands of the sheriff
of Cass County, who on the 7th day of October, served said subpoena
on the appellant's wife, requiring her to be in attendance at this
court on the 16th day of October, the date the case was called for
trial.   When the case was called for trial, the appellant made a
motion to continue the case on account of the absence of his wife,
and showed the diligence above stated and in addition thereto attach-
ed the affidavit of Dr. J. W. Glass, a reputable physician of Cass
County, which affidavit showed that appellant's wife was sick in
bed and unable to attend court and that she was suffering from after
effects of child birth, and that her baby was suffering from dysentery
and required the mother's attention.   In the motion for a continuance
appellant stated that he expected to prove facts by this witness which
we think were entirely relevant and material to his defense in this
case.   Among other things, appellant showed to the court that he

would prove by his wife that she was at home all during the month of August and that the prosecuting witnesses were not at his house during the month of August, and that witness would further testify that on or about the 12th day of August (or three days before the prosecuting witnesses testified that they bought the whiskey from appellant) the appellant with others went on a fishing trip away from home and did not return until about the 18th day of August, and that during the time he was away on the fishing trip neither of the prosecuting witnesses called at the home of defendant. Appellant alleged other facts in this motion showing how and in what manner the testimony of the absent witness would be material to his defense. And the testimony given by the State's witnesses on the trial of the case shows that the testimony of the absent witness would have been contradictory to that of the State's witnesses and would have aided appellant in his defense to the effect that prosecuting witnesses did not come to appellant's home at the time they testified they did, and it would have also been material as showing that appellant was not at home at the time the State witnesses testified they were there and purchased whiskey from him.

This was appellant's first application for a continuance and it conformed to the requirements of the statute in every essential detail and should have been granted. Section 335, page 193, Branch's P. C., for full citation of authorities.

Because the court erred in overruling appellant's first application for continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.