## L. A. TALLEY V. THE STATE.

No. 9463.   Delivered November 25, 1925.

**1.—Selling Intoxicating Liquor—Postponement—Erroneously Refused.**

Where on a trial for the sale of intoxicating liquor, it was shown that appellant was arrested on January 29, his case set for trial for February 2, and that his attorney was away from the place of trial until January 31, and when called for trial appellant requested a postponement to enable him to secure the attendance of a material and important witness, there being three weeks of the term yet remaining, it was error in the light of the facts adduced on the trial to refuse this postponement. Following Turman v. State, 274 S. W. 593.

**2.—Same—Charge of Court—Defensive Theory—Improperly Submitted.**

Where the defensive theory, supported by evidence, was that the appellant gave the whiskey, and did not sell it to prosecuting witness it was error for the court in his charge to use the language "if you find from the evidence that the defendant gave the whiskey to A. E. Loomis and did not sell it to him." His defensive theory of a gift, should have been affirmatively submitted alone, and not coupled with the sale of the whiskey.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamblin, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

V. L. Shurtliff, for appellant.

Sam D. Stinson, State's Attorney, and Nat Gentry, Jr., Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the District Court of Stephens County of the offense of unlawfully selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

In bill of exception one appellant complains of the action of the court in refusing to postpone this case in order to secure the testimony of witnesses Holliday and Collins, by whom it is alleged he would prove, if present, that they were present at the time of the alleged sale of the whiskey to the prosecuting witness Loomis, and that upon said Loomis tendering the money to the appellant for said whiskey, he shoved it back to him and told him he was not selling whiskey. It was the contention of the State that said Loomis paid the defendant for the whiskey in question in the exact change, charged therefor. The defendant testified that he gave said whiskey to Loomis and refused to accept money for it, and when the money was tendered, he refused to accept it. The said motion shows that the indictment in this case was returned on the 28th day of January, 1925, alleging the offense occurred on the 26th of January, 1925; that the defendant was arrested and placed in jail on January 29, 1925; released on bond on January 30th, 1925; and the case was set for trial on February 2, 1925; that appellant upon being released from jail immediately undertook to secure the services of his attorney who was in Austin, by telegraph and telephone, and that his attorney returned to Breckenridge on January 31, 1925; that one of the days intervening between the arrest and the day of trial was Sunday; and there was no chance to obtain process on said day; that when said case was called for trial on said 2nd day of February, 1925, appellant presented his motion in writing to the court for postponement of said case until he could obtain the testimony of said witnesses aforesaid. Appellant's bill of exception shows that said court for said term did not adjourn till the last week in February and there were juries drawn for the remaining weeks of said term. We are of the opinion that

the learned judge was in error in refusing this application for postponement and in not giving the defendant a reasonable time under the facts of this case to obtain the testimony of the absent witnesses, and especially so in view of the fact that on the trial of this case it developed that the State's witness Loomis testified positively to the paying to the appellant $2.25 for the whiskey in question, and to giving him the correct change, which consisted of two $1.00 bills and a 25 cent piece; and the State's witness Wallis testified relative to the payment of said whiskey by said Loomis as follows: "He handed some money to Mr. Talley and Mr. Talley handed same back to him, but I do not know whether it was the same money or not." This testimony of said witness Wallis corroborated the testimony of said appellant and his contention to the effect that he did not sell the whiskey, but gave it to said Loomis and refused to accept money therefor. Turman v. State, 274 S. W. 593.

In bill of exception 2 complaint is made to the failure of the court in his charge to properly apply the law to the facts of the defendant's defense, and especially to the following portion of said charge:

"If you find from the evidence that the defendant gave the whiskey to R. E. Loomis, and did not sell it to him, or if you have a reasonable doubt as to whether he sold it to said Loomis or gave it to him, you will acquit the defendant and say by your verdict 'not guilty'."

It is the contention of the appellant that this portion of the said charge is error, that the State's theory was a sale, and it tendered evidence to support it, and the defendant's theory was a gift which he supported by evidence, and that he was entitled to a charge to the effect that if the jury had a reasonable doubt as to whether he gave the whiskey to said witness to acquit him without coupling this issue with the alleged sale of the whiskey as contended by the State, and that in coupling the reasonable doubt of the gift with the alleged sale was casting an undue burden on him to prove his defense, and which would confuse the jury. This charge is not entirely free from the criticism urged, and in view of another trial we are of the opinion that the court should present the defendant's issue of the gift of the whiskey without coupling it with the sale as contended by the State in this instance.

Complaint is made to the action of the court in not withdrawing from the jury certain remarks made by the attorney representing the State in the closing argument; but in view

of another trial and the possibility that the question will not arise again, it is unnecessary for us to pass upon this question at this time.

For the errors above mentioned we are of the opinion that the judgment of the trial court should be reversed, and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.