### O. J. RUSSELL V. THE STATE.

No. 10161.    Delivered June 16, 1926.

**Sale of Intoxicating Liquor—Continuance—Improperly Refused.**

> Where appellant had used due diligence to secure the attendance of an absent witness, whose testimony was vitally material to his defense, and attached to his motion for a new trial the affidavit of said witness, which affidavit in effect shows that the witness would have given the testimony set out in his motion for a continuance, it was error to refuse the continuance, and to refuse him a new trial. Following Battle v. State, 279 S. W. 842, and other cases cited.

Appeal from the District Court of Collingsworth County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*C. C. Small* and *R. H. Templeton* of Wellington, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful sale of intoxicating liquor, and the punishment is one year in the penitentiary.

The state's testimony shows that the prosecuting witness went to appellant and told him that he wanted to get some whiskey and gave the appellant $1.25 and told him to get him a half pint. That appellant told the witness he might be able to get it and to meet him at a certain place a block south of the depot, and that in pursuance of this agreement the prosecuting witness met the appellant and the appellant handed him a half pint bottle which the officers making the arrest testified contained whiskey. The arresting officers testified in substance that on the day in question they saw the defendant drive up to the place in the town of Wellington in a Ford roadster and deliver the prosecuting witness a bottle of whiskey, that he handed it out of the car to him. The officer testified that he saw the car come around the corner and the prosecuting witness walked around to the car and the defendant handed him out this bottle of whiskey.

The appellant testified in his own behalf to the effect that he had no engagement with the negro, had had no conversation with him before and that he had no engagement to meet him at the place where they did meet. That as he passed along there the negro stopped him and ran up to the car and said after looking at him, "Oh I'm mistaken in the fellow." That the negro said he had the bottle with him at the time and that he wanted to deliver it to Mr. Aldridge. Appellant testified that he told him he wasn't Aldridge and told him what his name was. That the negro had the bottle and started to hand it in to him and that he told him it wasn't his and that he didn't want it. And when he told him that he didn't want it, the negro took it back and turned and started off with it and the sheriff stopped the negro and recovered the whiskey.

With the record in this condition, the appellant filed an application for a postponement or a continuance of the case on account of the absence of the witness Aldridge. So far as we are able to determine, perfect diligence was used to procure the attendance of Aldridge. The appellant was arrested on the second day of December, 1925, and on the same day he caused a subpoena to be issued for the said witness. He was tried on the 10th day of the same month and when the case was called for trial the subpoena issued for Aldridge had not been executed and no return made thereon. The record discloses clearly that Aldridge is not a fictitious person but that he was a plasterer that had been working in Wellington and the record shows or very strongly tends to show that he was merely temporarily out of the city at the time of the trial. By Aldridge, appellant shows in his application that he expected to prove that Aldridge knew the prosecuting witness, Charles Weaver, and that Weaver had offered to sell him liquor in the same size containers as that taken from Weaver by the sheriff in this case. That he saw Weaver with whiskey on the very day that this offense is alleged to have been committed and that Weaver approached him and offered to sell him liquor. Appellant further shows that he expected to prove by Aldridge that on the same day that this offense is alleged to have been committed Aldridge had engaged to buy a pint of whiskey from the prosecuting witness to be delivered at the same place where defendant was arrested. He also expected to prove by Aldridge that he was with him on the morning shortly before this offense is alleged to have been committed and was in the appellant's car with him and that he knows of his own knowledge that the appellant did not have any intoxicating liquor at the time that he was with him and that appellant was on his way to see a certain person for the purpose of selling him some life insurance which was the business that defendant was engaged in at that time.

We think a simple statement of the testimony which appellant expected to prove by the absent witness clearly shows its materiality. If the absent witness would testify that he had an engagement to buy liquor from this prosecuting witness at this time and place, this taken in connection with appellant's testimony to the effect that the prosecuting witness offered him the whiskey but seeing that he was mistaken in the man stated that he was the wrong fellow, then this absent testi-

mony would tend very strongly to establish the appellant's theory of the case. It was also material if appellant could show by him that very close to the time of the alleged sale he did not have any liquor in his automobile. This was appellant's first application for a continuance and we think the trial court was in error in at least not passing the case until the appellant could have a reasonable time to procure the attendance of this witness. He shows in his application that there were two more weeks of the term of court and so far as we are able to determine there was nothing to prevent the resetting of this case for some future day of the term.

There is attached to the motion for a new trial the affidavit of Aldridge, which affidavit in effect shows that he would have given the testimony set out in appellant's motion for a continuance. Under the authorities, we think that the learned trial court erred in refusing to postpone or continue this case. Battle v. State, 279 S. W. 842; Kruz v. State, 272 S. W. 486; Derrick v. State, 272 S. W. 458; Matheson v. State, 229 S. W. 548; Furman v. State, 274 S. W. 593.

For the error above discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.