### JESSE BLANTON v. THE STATE.

No. 20036. Delivered December 21, 1938.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Shelby Dansby by cutting him with a knife.

According to the testimony of the State, appellant and deceased had a dispute about some ties appellant had made on deceased's premises. In the course of their argument appellant drew a knife and stabbed deceased to death. Appellant testified that deceased attacked him with a knife and cut him on the arm; that he cut deceased in defense of himself.

Appellant filed a first application for continuance based upon the absence of Dink Blanton, who would have testified that he met appellant within less than a minute after the difficulty and observed that appellant had a cut on his arm. Further, the wit-

ness would have testified that appellant stated to him that deceased assaulted him with a knife and that he thereupon cut deceased with his knife. Again, the witness would have testified that appellant was greatly excited. Appellant attached the witness' affidavit to his motion for new trial showing that he would give the testimony set forth in the application for continuance. The diligence appears to have been sufficient, it being shown by the sheriff's return upon the attachment issued for the witness that the witness was unable to attend court on account of illness. The testimony of the absent witness was material. The State took the position that appellant was not cut by the deceased; but, on the contrary, that he made an unprovoked attack upon deceased with a knife and stabbed him to death. We think the court fell into error in refusing the continuance and in overruling the motion for new trial in so far as it was based upon the action of the court in overruling the application. We quote from Branch's Ann. P. C., Section 338, as follows: "If the absent testimony is material and probably true and would reasonably have enured to the benefit of defendant and it is reasonably probable that on another trial it might change the result, the refusal of the continuance and the denial of the motion for new trial based thereon will cause a reversal."

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.