G. B. JETER V. THE STATE.

No. 22491. Delivered April 28, 1943.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted in the County Court of Taylor County of the offense of driving an automobile upon the public streets of Abilene while drunk; and his punishment was assessed at a fine of $50.00, from which judgment of conviction he has appealed to this court.

The only matter complained of which we need to discuss relates to the court's action in overruling the appellant's first application for a continuance based on the absence of Calvin Hurt, Mr. and Mrs. Bill Johnson, and Pauline West. It is averred in the application that at the time of the commission of the offense Calvin Hunt, Pauline West and the appellant were in the automobile and that Hurt was driving it at the time in question. It is further alleged that if these witnesses were present in court, appellant would prove by them that at the time of the commission of the offense he was not driving the automobile but that Calvin Hurt was the driver thereof. It appears from the record that Hurt and Mr. and Mrs. Bill Johnson were subpoenaed to appear in court at the date of the trial and testify in behalf of the appellant. The application for the continuance is otherwise in compliance with Art. 543, C. C. P. The court overruled the same, to which ruling appellant then and there excepted. After his conviction, he brought the matter forward in his motion for new trial. Attached to said motion is the affidavit of Calvin Hunt which showed that he would have testified to the facts set out in the original application for a continuance. After hearing evidence in support of the motion, the trial court overruled the same, to which action appellant again excepted and gave notice of appeal. It will thus be observed that the testimony of the witness, Calvin Hurt, was very material to the appellant, and the trial court fell into error in declining to grant a continuance or postponement of the trial to some future date. In support of what we have said here, we refer to the following

cases: Cates v. State, 112 Tex. Cr. R. 145; Russell v. State, 104 Tex. Cr. R. 593; Kellar v. State, 111 Tex. Cr. R. 75; Sherman v. State, 101 Tex. Cr. R. 51; Tubb v. State, 109 Tex. Cr. R. 459; Blanton v. State, 135 Tex. Cr. R. 654.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.