## ELGENE CLARK V. STATE

No. 28,840. February 20, 1957.

*E. A. Blair*, Lubbock, for appellant.

*William J. Gillespie*, County Attorney, Lubbock, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $75.00.

No statement of facts accompanies the record.

Bill of Exception No. 1 complains of the action of the trial court in declining to grant appellant's motion for continuance predicated upon the absence of the appellant's witness Bull Johnson.

In the absence of a statement of facts on the trial, we are in no position to pass upon action of the court complained of in the bill. Ward v. State, 125 Texas Cr. Rep. 593, 68 S.W. 2d 1046. In Davis v. State, 133 Texas Cr. Rep. 215, 109 S.W. 2d 756, we quoted from Branch's Annotated Penal Code as follows:

"It is not in every case, however, where the absent testimony is material and probably true, that the appellate court will revise the ruling of the trial judge in denying a continuance and a new trial to defendant. It is only in a case where, from the evidence adduced on the trial, the appellate court is impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted."

The cases cited by the appellant all reflect in the opinions that a statement of facts was presented to this court on appeal. We have checked the files of this court and have determined that such was the case in Jeter v. State, 145 Texas Cr. Rep. 559, 170 S.W. 2d 772.

Finding no reversible error, the judgment of the trial court is affirmed.