**M. R. LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35906.**

Court of Criminal Appeals of Texas.

June 5, 1963.

Rehearing Denied Oct. 9, 1963.

Second Motion for Rehearing Denied Nov. 13, 1963.

Richard D. Bird, Childress, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

No statement of facts accompanies the record, and for this reason we are not in a position to review his bill of exception which complains of the failure of the court to grant his motion for continuance. Clark v. State, 164 Tex.Cr.R. 271, 298 S.W.2d 828, and 5 Tex.Jur.2d, Sec. 158, p. 249.

His second bill of exception complains of the failure of the court to quash the jury panel because the same were not selected in accordance with the terms of Article 2109, Vernon's Ann.R.C.S. Section 2 of Article 2109 reads in part as follows:

"To select jurors.—Said commissioners shall select jurors for all the terms of the county court to be held within six months after the adjournment of the first week of said court after the dates first named (last day of December and the last day of June of each year). * * *"

This record does not reflect the date upon which the first week of the July, 1962, term commenced, and therefore it is not shown that the term at which this case was tried began more than the six months referred to in said article.

Finding no reversible error, the judgment of the trial court is affirmed.

On Motion for Rehearing

WOODLEY, Presiding Judge.

The only instrument before us which purports to be a statement of facts is that copied in the transcript.

Art. 759a, Sec. 1, par. A, Vernon's Ann. C.C.P., requires that the statement of facts be "sent up with the record."

This Court is without authority to consider the instrument copied in the transcript as the original statement of facts. Sherman v. State, 165 Tex.Cr.R. 42, 302 S.W.2d 662; Steinman v. State, 153 Tex. Cr.R. 198, 220 S.W.2d 887. See also cases listed under Criminal Law 1104(3) in Texas Digest.

The rule appears to be that in the absence of a statement of facts a bill of exception complaining of the overruling of a motion for continuance because of the absence of a witness will not be considered. Jinks v. State, Tex.Cr., 349 S.W.2d 598; Hambright v. State, Tex.Cr., 318 S.W.2d

640; Clark v. State, 164 Tex.Cr.R. 271, 298 S.W.2d 828, and other cases listed under Criminal law 1097(3) Texas Digest.

Appellant's motion for rehearing is overruled.