UNITED STATES, Appellee

v

THEODORE H. POTTER, Airman Second Class,
U. S. Air Force, Appellant

14 USCMA 118, 33 CMR 330

No. 16,877

June 28, 1963

Colonel *Daniel E. Henderson, Jr.*, and *Major Charles K. Rush* were on the brief for Appellant, Accused.

*Lieutenant Colonel Emanuel Lewis* and *Major Robert M. Haynes* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

This case is before the Court on a petition for grant of review. The issue in question relates to the denial by the president of a special court-martial of a defense request for a continuance of three working days so that the accused could be represented by civilian counsel.

The record reflects that charges were originally served on the accused on November 6, 1962. An additional charge was served on November 21st and trial commenced on November 30th. The request for continuance would have extended the date of trial to December 5th.

The right of an accused to counsel of his choice has been adequately established by Article 38(b), Uniform Code of Military Justice, 10 USC § 838. In addition, the Supreme Court in Powell v Alabama, 287 US 45, 77 L ed 158, 53 S Ct 55, 84 ALR 527 (1932), added that "the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." See also Glasser v United States, 315 US 60, 86 L ed 680, 62 S Ct 457 (1942); United States v Evans, 1 USCMA 541, 4 CMR 133; United States v Tellier, 13 USCMA 323, 32 CMR 323.

The Manual for Courts-Martial, United States, 1951, gives in detail the rule governing the granting of continuances. Paragraph 58a provides for a continuance "for reasonable cause."

The granting or denial of a motion made at trial for a continuance of court-martial proceedings lies ▬ within the sound discretion of the presiding officer. United States v Plummer, 1 USCMA 373, 3 CMR 107. Only when he abuses that discretion will we reverse for refusal of a reasonable delay. United States v Vanderpool, 4 USCMA 561, 16 CMR 135. The erroneous denial of accused's motion must, of course, prejudice his substantial rights. United States v Nichols, 2 USCMA 27, 6 CMR 27.

We are certain from our review of the facts disclosed in this record that appointed defense counsel demonstrated a sufficient basis for his ▬ motion and that there was an abuse of discretion by the presiding officer. United States v Daniels, 11 USCMA 52, 28 CMR 276. Clearly the accused was forced to proceed without benefit of civilian counsel of his choice.

In view of the nature of the error it infected all that followed thereafter, including the pleas of the accused.

The petition for review is granted. The decision of the board of review is reversed. The record is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.