KEVIN CONMY, Boilerman Third Class,
U. S. Navy, Petitioner

v

UNITED STATES;

J. W. WILLIAMS, Jr., Rear Admiral, Commanding Officer,
Eleventh Naval District, San Diego, California;

JOSEPH McDEVITT, Rear Admiral, Judge Advocate
General of the United States Navy;

C. E. STASNY, Captain, Commanding Officer, U. S.
Naval Station, Long Beach, California; and

ROYCE BERG, Lieutenant (jg), USNR, Disciplinary Officer,
U. S. Naval Station, Long Beach, California, Respondents

20 USCMA 282, 43 CMR 122

Miscellaneous Docket No. 71–1

January 19, 1971

*John Vaisey, Esquire,* Counsel for Petitioner.

## Memorandum Opinion of the Court

This Petition for Writ of Habeas Corpus is submitted by Attorney John Vaisey, on behalf of Boilerman Third Class Kevin Conmy, hereinafter referred to as the petitioner.

The petition avers that two days prior to Conmy's scheduled trial by special court-martial, he retained individual counsel. When the court-martial convened on January 8, 1971, as scheduled, the regularly appointed defense counsel moved for a continuance, setting forth as his reason individual counsel's need for additional time. The military judge, however, denied the motion. Trial proceeded and resulted in a conviction and sentence to a bad-conduct discharge, confinement at hard labor for six months, and reduction to grade E–3. The convening authority immediately deferred service of the confinement portion of the sentence. (See Article 57 (d), Uniform Code of Military Justice, 10 USC § 857 (d).) Conmy is presently performing "custodial work supervising Brig prisoners on work details." The

nature of the restraint imposed upon his liberty is not disclosed by the petition.

On the basis of the foregoing, it is alleged that the ruling on the motion for a continuance denied Conmy's right to counsel as well as his right to a fair trial. Consequently, he should be released from "unlawful custody, detention, and restraint of his liberty."

Article 51(b), Uniform Code, supra, 10 USC § 851(b), provides that the military judge shall rule upon all interlocutory questions arising during the proceedings. See, United States v Knudson, 4 USCMA 587, 16 CMR 161 (1954). His decision upon a motion for continuance rests within his sound discretion, but is subject to review for abuse of that discretion. United States v James, 14 USCMA 247, 34 CMR 27 (1963). The question presented by the petition in the instant case is reviewable in the normal course of review provided for in the Uniform Code, and there appear to be no such extraordinary circumstances as are contemplated by the All Writs Act (28 USC § 1651(a)) tending to deny or defeat the jurisdiction of this Court or otherwise to require intervention by the Court at this stage of the proceedings. Gale v United States, 17 USCMA 40, 37 CMR 304 (1967).

The petition is denied without prejudice to the right of petitioner to assert the matters herein presented in the normal course of appellate review.