**UNITED STATES, Appellee,**

v.

**Arnold F. DUNKS, Private First Class, U. S. Army, Appellant.**

**No. 30,295.**

U. S. Court of Military Appeals.

Jan. 9, 1976.

*Captain Michael P. La Haye* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain Lawrence E. Wzorek,* and *Captain Sammy S. Knight.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Major John T. Sherwood, Jr., Captain John R. Erck,* and *Captain Richard S. Kleager.*

### OPINION OF THE COURT

FLETCHER, Chief Judge:

Under US Army Europe Supplement 1 to Army Regulation 27–10 (Sept. 16, 1971),

after the lapse of 45 days from the earlier of the date charges are preferred or the date of imposition of pretrial confinement or restriction, an accused whose case is referred to a summary or special court-martial is entitled, under specified conditions, to dismissal of the charges upon written application to the general court-martial convening authority. Should the convening authority deny relief under the rule, an accused may appeal that decision to the Commander-in-Chief, US Army Europe and Seventh Army.[1]

On the date of his scheduled trial by special court-martial, the accused's "45-day rule" appeal was pending as a result of the general court-martial convening authority's refusal to dismiss the charges under the rule. Prior to arraignment, counsel for the accused moved for a continuance

> on the basis that there is an appeal being processed for dismissal of these charges through administrative channel. . . .
> [I]f this appeal were approved, the charges in this case would be dismissed. By not granting the continuance today, there is a possibility that the accused could be found guilty of some charges and placed in confinement which would be a deprivation of liberty before this administrative appeal is processed.

Even though he acknowledged that a 45-day rule appeal was pending, the trial counsel maintained that the continuance should be denied since the accused's administrative request could be granted just as easily after trial with no prejudice to the accused. The trial judge denied the motion for continuance without comment.

The appellant contends that the trial judge abused his discretion in denying the request for continuance pending resolution of his 45-day rule administrative appeal. *United States v. Knudson,* 4 U.S.C.M.A. 587, 16 C.M.R. 161 (1954); *see Petty v. Moriarty,* 20 U.S.C.M.A. 438, 43 C.M.R. 278 (1971). While the decision to grant or deny a motion for continuance rests within the trial judge's sound discretion,[2] he remains accountable for an abuse of discretion which prejudices an accused's substantial rights. *United States v. Foreman,* 18 U.S. C.M.A. 249, 39 C.M.R. 249 (1969); *United States v. Daniels,* 11 U.S.C.M.A. 52, 28 C.M.R. 276 (1959); *United States v. Plummer,* 1 U.S.C.M.A. 373, 3 C.M.R. 107 (1952).[3]

The Government maintains that the trial judge did not abuse his discretion nor prejudice the appellant by denying the continuance request since proceeding with the trial had no impact upon the ultimate resolution of the administrative appeal. Even assuming, as the Government urges, that the result of the appeal was not jeopardized by proceeding with the trial, the denial of the continuance harmed the accused more fundamentally.

We recently reaffirmed the applicability of the *Accardi*[4] doctrine to military practice: "a government agency must abide by its own rules and regulations where the underlying purpose of such regulations is the protection of personal liberties or interests." *United States v. Russo,* 23 U.S.C. M.A. 511, 512, 50 C.M.R. 650, 651, 1 M.J. 134, 135 (1975). What the USAREUR supplement to AR 27–10 commendably structures is a speedy trial standard similar in effect to the *Burton*[5] rule but tailored exclusively to minor infractions to assure their prompt

---

1. A formalized appeal structure was not implemented until April 9, 1973, one month after the accused was tried. However, prior to April 9, appeals had been referred to in official messages as well as considered by the USAREUR headquarters. Eighteen of 59 appeals considered before April 9, in fact, were favorably acted upon.

2. *Conmy v. United States,* 20 U.S.C.M.A. 282, 43 C.M.R. 122 (1971); *United States v. Potter,* 14 U.S.C.M.A. 118, 33 C.M.R. 330 (1963).

3. A trial judge should be liberal in the granting of continuances where good cause for the delay exists. *United States v. Daniels,* 11 U.S.C.M.A. 52, 55, 28 C.M.R. 276, 279 (1959); *United States v. Nichols,* 2 U.S.C.M.A. 27, 36, 6 C.M.R. 27, 36 (1952).

4. *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

5. *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

resolution by court-martial. Like *Burton,* the rule benefits the accused to a degree by placing a ceiling on the period of pretrial delay preceding trial. Thus, *Accardi* vests the judiciary with the right as well as the duty to assure Government compliance with the terms of the 45-day rule. The trial judge's denial of the request for a continuance deprived the appellant of his right to judicial review of the administrative decision by forcing him to trial before his administrative remedy was ripe for judicial scrutiny.

While a ruling on a continuance oftentimes involves a balancing of the interests of both parties, such was not the case here. No evidence was presented by the prosecutor suggesting that delay of the trial would prejudice the interests of the United States. On the other hand, as we previously have observed, the denial of the continuance substantially prejudiced the rights of the accused. Under such circumstances, we conclude that the trial judge abused his discretion by denying the appellant's request for a continuance pending resolution of his 45-day rule administrative appeal.

The decision of the United States Army Court of Military Review is reversed.[6] The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the convening authority. A rehearing may be ordered only if the Commander-in-Chief, US Army Europe and Seventh Army, determines that dismissal of the charges is not warranted under the 45-day rule guidelines.

Judge COOK and Senior Judge FERGUSON concur.

6. Our resolution of the first granted issue makes it unnecessary to address the second assignment of error.