**UNITED STATES**

v.

**Specialist Four Gordon K. WALCK, 550–90–3651, US Army, Battery B, 1st Battalion, 11th Field Artillery, Fort Lewis, Washington.**

**CM 434511.**

U. S. Army Court of Military Review.

Sentenced Adjudged 19 Dec. 1975.

Decided 18 Oct. 1976.

Appellate Counsel for the Accused: CPT Leslie Wm. Adams, JAGC; CPT John C. Carr, JAGC; MAJ Joe D. Miller, JAGC.

Appellate Counsel for the United States: CPT Regis J. McCoy, JAGC; CPT Gay M. Holmes, JAGC; CPT John F. DePue, JAGC.

## OPINION OF THE COURT

COOK, Senior Judge:

Appellant consistent with his plea, was found guilty at a general court-martial before a military judge alone of failure to obey a lawful order and robbery in violation of Articles 92 and 122, Uniform Code of Military Justice (10 U.S.C. §§ 892 and 922), respectively. The approved sentence is noted above.

As he did at trial, the appellant challenges the jurisdiction of the court-martial over his person.

The necessary facts to resolve this issue can be simply stated. Both offenses for which appellant was ultimately tried were committed on 16 August 1975. Two days later appellant furnished the CID with a statement concerning the incidents, and on 27 August 1975 a Report of Suspension of Favorable Personnel Actions (DA Form 268) was initiated under the provisions of AR 600-35. Charges were preferred on 15 September 1975, two days prior to appellant's ETS date. On the ETS date, 17 September 1975, charges were forwarded recommending that appellant be tried by a bad-conduct discharge empowered special court-martial and with a recommendation that in compliance with paragraph 2-4a, AR 635-200, Specialist Walck be retained beyond the expiration of his term of service by the general court-martial convening authority. In a letter to the Commander, 9th Infantry Division Artillery, dated 10 October 1975, appellant requested immediate discharge claiming that since there had been no compliance with paragraph 2-4a, AR 635-200, he was being improperly held past his ETS date. The Executive Officer, Division Artillery, acknowledged receipt of the letter five days later. At an Article 32 [1] investigation held on 20 October 1975, the defense renewed its jurisdictional objection, but in the pretrial advice prepared by the staff judge advocate no mention was made of a possible jurisdictional problem. The case was referred to trial on 13 November 1975, and the trial was held on 19 December 1975.

In pertinent part paragraph 2-4a, AR 635-200 states that:

"A member may be retained beyond the expiration of his term of service by a general court-martial convening authority, or his designee, when an investigation of his conduct has been initiated with a view to trial by court-martial; charges have been preferred; or the member has been apprehended, arrested, confined or otherwise restricted by the appropriate military authority. . . ."

During the litigation of the jurisdictional motion at trial the parties stipulated that "neither the convening authority nor any designee has ever taken any action with respect to the accused pursuant to AR 635-200". Government's argument was, and is now, that since charges were preferred prior to the appellant's ETS, paragraph 11d, Manual for Courts-Martial, United States, 1969 (Revised edition),[2] was invoked. They

---

1. Article 32, Uniform Code of Military Justice.

2. "*d. Effect of termination of term of service.* Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment. If action is initiated with a view to trial because of an offense committed by an individual before his official discharge—even though the term of enlistment may have expired—he may be retained in the service for trial to be held after his period of service would otherwise have expired. Similarly, if jurisdiction has attached by the commencement of action before the effective terminal date of self-executing orders, a person may be held for trial by court-martial beyond that terminal date. See also Article 2(1)."

claim that paragraph 11*d* acts independent of AR 635–200, therefore, once charges were preferred there was no need to comply with AR 635–200.

We cannot agree. A rather long and growing line of cases hold that courts will bind the Government to rules and regulations that it promulgates in conducting its business.[3]

It is irrelevant that the Army need not have imposed upon itself the more rigorous standard contained in paragraph 2–4a, AR 635–200 for the retention of jurisdiction over an individual nearing his ETS date than those contained in paragraph 11*d* of the Manual for Courts-Martial, *supra*. Once it chose to do so it could not proceed in disregard of those standards.[4]

Suffice it to say that throughout the entire pretrial processing of this case the Government was on notice that a possible jurisdictional problem existed. The stipulation at trial acknowledging its failure to comply with its own promulgated regulation defeated any jurisdictional claim the Government had on appellant.

The findings of guilty and the sentence are set aside and the charges are dismissed.

Judge DRIBBEN and Judge DeFORD concur.

---

**3.** *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); *United States v. Dunks*, 24 U.S.C.M.A. 71, 51 C.M.R. 200, 1 M.J. 254 (1976); *United States v. Burden*, 23 U.S.C.M.A. 510, 50 C.M.R. 649, 1 M.J. 89 (1975); *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975); *United States v. Simpson*, 51 C.M.R. 218, 1 M.J. 608 (A.C.M.R.1975); *United States v. Walker*, 47 C.M.R. 288 (A.C.M.R.1973).

**4.** *See United States v. Kalt*, 50 C.M.R. 95 (A.C.M.R.1975) for a case discussing the binding effect of another provision contained in paragraph 2–4a, AR 635–200.