**UNITED STATES, Appellee,**

**v.**

**Specialist Four Luis A. ALICEA–BAEZ, SSN 062–36–9950, United States Army, Appellant.**

**CM 437597.**

U. S. Army Court of Military Review.

23 Aug. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Grifton E. Carden, JAGC, and Captain Paul T. Allen, Jr., JAGC, were on the pleadings for the appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Harry J. Gruchala, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before CARNE, DRIBBEN and GARN, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

PER CURIAM:

In an opinion dated 11 July 1979 the findings of guilty and sentence in this case were affirmed. On 23 July 1979 the Government filed a motion for reconsideration. No opposition was filed. We granted the motion on 6 August 1979.

Pursuant to Article 69, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869, The Judge Advocate General has referred to this Court the appellant's record of conviction by general court-martial for larceny and drunken driving, in violation of Articles 121 and 111, UCMJ, 10 U.S.C. §§ 921 and 911. His sentence to confinement at hard labor for six months, forfeiture of $220.00 pay per month for six months and reduction to the lowest enlisted grade was approved by the convening authority and ordered into execution. We are asked to consider two issues: first, whether it was error for the military judge to deny the appellant's request for a continuance in order to obtain civilian counsel,[1] and second, the appellant's supplemental assignment of error alleging that the convening authority wrongfully denied the appellant's request for deferment of confinement.

I

■ After the military judge advised the appellant of his rights to counsel at the Article 39(a), 10 U.S.C. § 839(a) session, the following sequence of events appeared in the summarized record:

The accused at this point stated he would like to have civilian lawyer to represent him. The military judge inquired of the accused when he had decided he wanted a

civilian lawyer to which the accused responded that he had decided yesterday. The military judge inquired further into the matter; after fully exploring the matter, the military judge stated that the request for civilian counsel was tardy and late and would not be honored, but the case would proceed as scheduled. Trial counsel made the argument that massive expenditure of government funds had been made to bring witnesses from CONUS.

In his Article 38(c), UCMJ, 10 U.S.C. § 838(c), brief, the trial defense counsel stated that he had explained to the appellant all of his rights to counsel prior to the Article 32, 10 U.S.C. § 832 Investigation, that he had continuously represented the appellant through the Article 32 Investigation until the day of trial, and the appellant had related to him that he was satisfied with his representation and wished no other attorney. The record further shows that the appellant was advised of his right to obtain civilian counsel by the Article 32 investigating officer in a letter addressed to him immediately before the investigation was conducted and during the preliminary proceedings of the investigation itself. It was not until the day of trial, some three and one-half months after the completion of the Article 32 Investigation, that the appellant informed his attorney and the court that he had decided he wanted a civilian counsel to represent him.[2] There is no indication from the record or any of the allied papers that the appellant had obtained the services of a specifically named civilian attorney, how long the trial would have to be postponed until he retained one, and the time required for the attorney to adequately prepare himself for trial. Moreover, considerable time and expense had been made to secure the presence of witnesses (including the appellant's father) to testify at trial.

---

1. This was the only issue referred to this Court for review by The Judge Advocate General. Although the appellant has framed this issue as the military judge's denial of his request for civilian counsel, we have treated it as a denial for a continuance to obtain such counsel. *See*

*United States v. Kinard*, 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972).

2. This decision was apparently made after the appellant had discussed the matter with his father who had arrived one day before trial to testify as a character witness.

To postpone the trial to some undetermined date in the future would have posed a considerable hardship on both the Government and those witnesses requested to make the long journey from the United States to the Canal Zone a second time. Although we are aware that an accused's right to counsel of his choice, military or civilian, is "a most valuable right accorded him by the law," *United States v. Donohew*, 18 U.S.C.M.A. 149, 152, 39 C.M.R. 149, 152 (1969); *United States v. Kinard*, 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972), we are satisfied by the facts of this case that the appellant was aware of his right to secure civilian counsel of his choice and had ample opportunity to do so before the date of his trial. We cannot say, therefore, that the military judge abused his discretion by denying the appellant's request for a continuance to obtain civilian counsel. Paragraph 58, Manual for Courts-Martial, United States, 1969 (Revised edition); Article 40, Uniform Code of Military Justice, 10 U.S.C. § 840; *United States v. Thomson*, 3 M.J. 271 (C.M.A.1977); *United States v. Dunks*, 1 M.J. 254 (C.M.A. 1976); *United States v. Kinard, supra; United States v. Furgason*, 6 M.J. 844 (N.C. M.R.1979). In his sound discretion the military judge may have considered, among other factors, that the appellant's request was made in an attempt "to vex the Government with needless delay in order to avoid or put off the consequences of his misconduct." *See United States v. Kinard, supra* at 79; *United States v. Daniels*, 11 U.S.C.M.A. 52, 55, 28 C.M.R. 276, 279 (1959).

## II

By his supplemental assignment of error appellant urges us to reassess the sentence as to forfeitures and reduction adjudged for the reason that the convening authority wrongfully denied the appellant's request for deferment of confinement.

On 7 August 1978, five days after he was sentenced, the accused executed a written request for deferment of that portion of the sentence concerning confinement until such time as the convening authority should take action. In his request the appellant stated

that he had twenty-six months creditable service, was promoted to the grade of SP4, was being considered for promotion to E–5, was the distinguished graduate in his AIT class at Fort Dix for which he had received a letter of commendation, that his superiors and peers in the motor pool regarded him as trustworthy and reliable, that he graduated at the top of his class in the Primary Noncommissioned Officer Course, and that he would submit a petition for clemency.

The convening authority personally endorsed "REQUEST DENIED! ANSON" upon appellant's application. Appellant contends that such summary denial constituted an abuse of the convening authority's discretion.

Citing paragraph 88f, Manual for Courts-Martial, United States, 1969 (Revised edition), appellate defense counsel argues that the request should have been granted because appellant was not a danger to the community, a likely flight risk, or a person who should be incarcerated for other reasons. The general rule sought by the appellant, then, would provide for release upon request unless precluded by one of the exceptions enumerated in the Manual, and would require the convening authority to delineate reasons for any denial.

The Government's reply to the supplemental assignment of error points out that the request omitted facts which would meet the Manual tests for deferment of confinement, and therefore the request was fatally insufficient. Each party submits that the other party failed to meet its burden.

■ For the reasons outlined in *United States v. Corley*, 5 M.J. 558 (A.C.M.R.), *pet. denied*, 6 M.J. 122 (C.M.A.1978), and *United States v. Ledbetter*, 2 M.J. 37 (C.M.A.1976), we conclude that the initial burden of submitting a sufficient request was upon the appellant.

■ It is obvious that appellant's request dealt essentially with clemency matters and not adequately with facts relevant to deferment of confinement; that the considerations on which such deferment may be granted are specific (as illustrated in

paragraph 88*f*, MCM, 1969 (Rev.), and the ABA Standards cited in *Corley, supra* ); and that appellant failed to perfect his request. We are not unaware of the practice heretofore followed by convening authorities of granting or denying confinement deferment requests summarily without exposition of reasons; however, we believe that the exercise of the convening authority's discretion must be sound; and that it is subject to review. In the instant case, we find that the appellant failed to meet the burden and that under these circumstances the convening authority did not abuse his discretion.[3]

The decision of this Court in this case, dated 11 July 1979, is withdrawn. The findings of guilty and the sentence are affirmed.

---

3. We note that subsequent to the critical dates in the instant case, the Court of Military Appeals on 9 April 1979 decided the case of *United States v. Brownd*, 6 M.J. 338 (C.M.A.1979).

The majority opinion therein set forth ". . . the criteria for judging a convening authority's *future* determination of a sentence deferment request, . . ." (emphasis added).