**UNITED STATES, Appellee,**

v.

**Specialist Four Robert C. MOORE, Jr., SSN 230–82–9646, United States Army, Appellant.**

**CM 437885.**

U. S. Army Court of Military Review.

22 Feb. 1980.

Captain Michael K. King, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Maurice D. Healy, JAGC.

Captain Charles A. Cosgrove, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, and Captain Brian X. Bush, JAGC.

Before MITCHELL, DRIBBEN and GARN, Appellate Military Judges.

## OPINION OF THE COURT

GARN, Judge:

The charges that ultimately resulted in the appellant's conviction by a general court-martial[1] were preferred on 17 August 1978 and referred to a special court-martial for trial on 12 October 1978. On 1 November 1978, the appellant's defense counsel submitted a written application to the general court-martial convening authority for dismissal of the charges in accordance with the provisions of paragraph 2–4.1, USAR-EUR Supp. 1 to AR 27–10, known as the 45-day rule. On 7 November 1978, the special court-martial convening authority, who was not aware of the application for dismissal of the charges, withdrew the charges from the special court-martial, and forwarded them to the general court-martial authority because he had been informed that the appellant had committed additional offenses.[2] On 17 November 1978, the general court-martial convening authority returned the application for dismissal of the charges to the appellant's defense counsel without acting on that application because, in his view, the 45-day rule, which only applies to charges referred to a summary or special court-martial, was no longer applicable. The convening authority also referred the charges to a general court-martial for trial on 17 November 1978.

■ When the appellant applied for dismissal of the charges on 1 November, he had not been brought to trial and the charges were then referred to a special court-martial. Although the general court-martial authority could not be expected to act on the application immediately, when he did consider the application, he should have predicated his decision on the relevant factual situation at the time of the application. We find his refusal to act on the application because of subsequent events was erroneous, and denied the appellant consideration of his application in accordance with the 45-day rule.

■ When the appellant was arraigned on 30 November 1978, his trial defense counsel moved for appropriate relief, and contended that the charges were withdrawn from the special court-martial improperly and that they should be dismissed "from the jurisdiction of a general court-martial." After considering evidence and arguments, primarily focused on the propriety of the special court-martial convening authority's withdrawal of the charges, the military judge denied the "motion to dismiss" the charges "because of an improper withdrawal from the special court-martial." We agree with the military judge's apparent determination that the special court-martial convening authority acted properly when he withdrew the charges. The military judge

---

1. The appellant was convicted, in accordance with his pleas of guilty, of wrongfully possessing heroin and marihuana, and wrongfully selling heroin, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $250.00 pay per month for six months.

2. Charges alleging those additional offenses were ultimately dismissed in accordance with the guilty plea agreement.

did not, however, properly dispose of the appellant's motion for appropriate relief.

After reviewing the trial defense counsel's motion and arguments in support of his motion, it is apparent that the ultimate relief he sought was action on the application for dismissal of the charges in accordance with the 45-day rule. It is equally apparent that he did not question the accuracy of the general court-martial convening authority's view that the 45-day rule did not apply so long as the charges were not referred to a special or summary court-martial. Consequently, defense counsel proposed, as a step towards the relief he sought, that the charges should be dismissed "from the jurisdiction of a general court-martial." The military judge apparently confused a proposed means with the requested end when he denied what he characterized as the motion to dismiss [3] the charges.

■■ The Court of Military Appeals has had an opportunity to consider the USAREUR 45-day rule and held that the judiciary has a duty to insure that the Government complies with that rule. *United States v. Dunks,* 1 M.J. 254 (C.M.A.1976). The military judge should have devised a means for affording the appellant the relief his trial defense counsel sought, *i. e.* consideration of his application for dismissal of the charges in accordance with the USAREUR 45-day rule. This Court will remedy the error to insure compliance with the holding in *Dunks, supra.*[4]

■ The record of trial is returned to The Judge Advocate General for transmittal to the general court-martial convening authority for action on the appellant's application for dismissal of the charges in accordance with the provisions of paragraph 2–4.1, USAREUR Supp. 1 to AR 27–10 in effect on 1 November 1978.[5] If a

3. Defense counsel's use of the word "dismiss" was unfortunate, and evidently confused the military judge. Those involved with military criminal law are inclined to conclude that when charges are dismissed no further action will be taken with respect to those charges, because that is normally the result. That is not necessarily the result of dismissal, however. *See, e. g.;* Article 62, UCMJ, 10 U.S.C. § 862. The appellant's trial defense counsel made a motion for appropriate relief rather than dismissal and, although he obviously hoped that no further action would be taken on the charges if they were dismissed "from the jurisdiction of a general court-martial," he clearly contemplated the possibility of future prosecution of the charges if his 45-day rule application should be denied.

4. The appellant now argues that the charges should be dismissed because the unrebutted averments of facts contained in the 45-day rule application require dismissal in accordance with that rule. The Government, on the other hand, argues that the appellant waived consideration of his 45-day rule application by failing to appeal the decision of the general court-martial convening authority to the Commander-in-Chief, USAREUR, as provided for in the 45-day rule. We decline to adopt either contention for essentially the same reason. The 45-day rule requires the staff judge advocate to provide the general court-martial convening authority with the government's response, in writing, to the application before the general court-martial convening authority acts on the application. The 45-day rule also contains provisions permitting the accused's defense counsel to appeal

the action of the general court-martial convening authority within five working days of being notified of that action. Because the general court-martial convening authority took the position that the 45-day rule did not apply, the government may not have had an opportunity to respond, and did not respond in writing, to the application, and, because the general court-martial convening authority could not act, and did not act on the application, in accordance with the 45-day rule, there was no basis for an appeal. Neither the government nor the defense, during the appellant's trial and the review of his case, specifically requested that both sides be afforded the rights and opportunities afforded to them by the 45-day rule. Accordingly, in our view, neither the Government nor the appellant waived consideration, as provided for by the 45-day rule, of their respective positions.

5. Returning the case to a military trial judge is inappropriate for several reasons. The 45-day rule does not provide for any type of hearing and the rules of evidence applicable to the decision making process under the 45-day rule are substantially different from the rules of evidence for a trial forum. Requiring a military judge to become involved would be inimical to the principle of judicial economy. Moreover, although the judiciary has a duty to insure government compliance with the 45-day rule, we do not think it appropriate for the judiciary to usurp the responsibilities of those charged with administering the rule.

"The most reasonable remedy and the one followed by the courts whenever appropriate

determination is made that the charges should be dismissed in accordance with the provisions of that regulation, the findings of guilty and the sentence will be set aside and the charges will be dismissed. If the general court-martial authority and, upon appeal, the Commander-in-Chief, USAREUR, determine that the charges should not be dismissed, the application and the records containing the reasons for denying the application will be returned to this Court together with the record of trial. If the appellant's trial defense counsel is no longer reasonably available to represent him regarding the application, another counsel will be detailed for that purpose.

Senior Judge MITCHELL and Judge DRIBBEN concur.

is to set aside the action that has been taken contrary to the regulation and require further proceedings in compliance with the regula-

tion." *United States v. Torres*, 3. M.J. 659, 662 (A.C.M.R.1977).