UNITED STATES, Appellee,

v.

**Private First Class Sylvester LEWIS, SSN 425–08–5313, United States Army, Appellant.**

**CM 437967.**

U. S. Army Court of Military Review.

27 Feb. 1980.

Captain Courtney B. Wheeler, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Major Carlos A. Vallecillo, JAGC.

Captain Stephen D. Smith, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, and Major David McNeill, Jr., JAGC.

Before FULTON, O'DONNELL and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

A general court-martial convicted the appellant of eleven violations of regulations prohibiting usurious loans, assaulting one of the defaulting borrowers, and communicating threats to two of them.[1] The court-martial members, officer and enlisted, sentenced him to be confined at hard labor for five years, to forfeit all pay and allowances,

---

1. Respectively, violations of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, 934 (1976).

and to be discharged from the service with a dishonorable discharge. The convening authority reduced the term of confinement to three years, but approved all other aspects of the sentence. Accordingly, the record is before this Court for review in accordance with Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b) (1976).

Seven errors are assigned in the appeal. They involve, in the order presented in the briefs, denial of a continuance to obtain civilian counsel for the trial, the consequent necessity for conduct of the defense by a detailed counsel in whom the appellant assertedly lacked confidence, failure to prove an element of some of the eleven usury offenses, incomplete instructions to the court members regarding the elements of those offenses, failure to grant a delay in the Article 32 investigation [2] so that appellant could be represented by civilian counsel and an erroneous denial of his request that the trial judge order a new investigation, denial of the opportunity to file a personal rebuttal to the staff judge advocate's post-trial review, and denial of a fair trial because one court member allegedly slept during part of the proceedings. Because an error pertaining to the Article 32 investigation requires a rehearing, we will first resolve the question as to the sufficiency of evidence of some of the offenses.

## I

The regulation violated by appellant was promulgated in October 1969 by the commander of the III Corps and Fort Hood, Texas. Entitled, "Monetary Loans Among Military Personnel," it provides in part as follows:

> a. In cases where loans among military personnel are not otherwise prohibited, the maximum rate of interest will not exceed the following scale for periods not exceeding 1 month:
>
> 3 percent per month on loans to $300
> 2 percent per month on loans to [sic] $301 to $500
> 1 percent per month on loans in excess of $500
>
> b. For loans which are for periods in excess of 1 month and not over 3 months the maximum rate of interest will not exceed the following scale:
>
> 2 percent per month on loans to $300
> 1 percent per month on loans in excess of $300

The regulation contains no limitations concerning loans made for periods of more than three months. The paragraph immediately following the one quoted above states that "[r]ates of interest in excess of those set forth . . . above will be considered usurious and unconscionable and are specifically prohibited. For violation of this regulation an individual may be subject to prosecution under the provisions of Article 92, Uniform Code of Military Justice. . . . ."

The appellant asserts that the Government failed to prove seven of the eleven specifications alleging violation of the regulation because there was no proof that the loans involved were made for periods of three months or less so as to place them within the purview of the regulation.

Except as to the details of date, the borrower's name, amount involved, and terms, each of the eleven specifications of Charge I was in the following pattern: "In that Private First Class Sylvester (NMN) Lewis . . . did . . . on or about 1 November 1977 violate . . . [the regulation] by loaning Private Mark D. Ash . . forty ($40) dollars and demanding payment of eighty ($80) dollars within two weeks, thereby · exceeding the maximum interest rate allowed by the regulation . . . .." The first four specifications pertained to loans to Private Ash on 1 November 1977, 20 November 1977, 21 December 1977, and 3 February 1978. The next five involved loans made to Specialist Four Helton on 15 April, 9 May, 23 May, 7 June, and 23 June 1978. The remaining two (Specifications 10 and 11) involved loans made to Private Campbell on 31 March and 15 April 1978.

---

2. The formal pretrial investigation that must precede general court-martial. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1976).

■ We hold that only as to Specifications 10 and 11 was the proof sufficient. As to each of the other alleged loans, there is a complete absence of proof in the record that the loan was to be repaid, or was in fact repaid, within a period bringing it within the regulation.[3]

■ The Government urges that the record shows clearly "that appellant was in the habit of, or customarily made loans of short duration, usually a month or less, with a one hundred percent interest requirement." However, the admissibility of such evidence of habit or custom does not permit us to draw therefrom an inference of guilt of criminal offenses. Manual for Courts-Martial, United States, *supra*, pars. 138*g*, 138*h* (last sentence).

## II

An additional assignment of error would, if correct, require that even Specifications 10 and 11 of Charge I be reversed. Appellant contends that the military judge failed to instruct the court members that one of the facts they must find (in order to convict) was that the loan periods brought the transactions within the proscriptions of the regulation.

■ We find that the military judge did not err. He accurately and adequately instructed the court members that in each instance they must be satisfied beyond a reasonable doubt that there was in effect a lawful general regulation containing the provisions (quoting them) which we previously set forth in this opinion and that the regulation was in existence as to (*i. e.*, it applied to) each and every one of the eleven specifications. Under these instructions, the court members plainly could not find appellant guilty on any of the eleven counts unless they found that the loan involved was made for a period falling within the regulatory prohibitions. Accordingly, the assignment of error is without merit.

3. There is such evidence outside the record in pretrial statements of the witnesses. In testifying, some used these statements to refresh recollection. However, the statements themselves were not admitted into evidence (see Manual

## III

The Article 32 investigation that preceded appellant's trial was conducted in two sessions. At the first session appellant was represented by civilian counsel, Mr. Looney. The detailed defense counsel, Captain Fletcher, also was present. A second session proved necessary and was scheduled by the investigating officer for a date on which Mr. Looney had indicated he could appear.

When the second session began, Mr. Looney did not appear. Captain Fletcher and appellant spoke with him by telephone. Apparently a conflicting requirement had arisen; Mr. Looney recommended that Captain Fletcher alone represent appellant at the second session. Appellant declined to accept that recommendation. Mr. Looney's employment terminated.

Appellant objected to continuing the Article 32 investigation in the absence of a civilian counsel and requested a delay so that he could employ new counsel. The Article 32 investigating officer proceeded anyway. His stated reasons were that the date had been agreed to by appellant's then counsel, one of the two witnesses to be examined had traveled from overseas (the record does not indicate when the witness was required to return), and Captain Fletcher, who had been present throughout the first session, was present to represent the appellant. The session proceeded to its conclusion, with Captain Fletcher cross-examining the two witnesses on appellant's behalf.

"Upon his own request . . . [the subject of an Article 32 investigation] shall be represented by civilian counsel if provided by him, or military counsel of his own selection if such counsel is reasonably available, or by counsel detailed by the officer exercising general court-martial jurisdiction over the command." Article 32(b), Uniform

for Courts-Martial, United States, 1969 (Revised edition), par. 146*a*) and the witnesses' recollections were imperfectly or incompletely refreshed so far as their testimony on the record is concerned.

Code of Military Justice, 10 U.S.C. § 832(b) (1976). Numerous decisions support the proposition that effective representation by counsel of one's choice is a substantial pretrial right. *See, e. g., United States v. Maness,* 23 U.S.C.M.A. 41, 47, 48 C.M.R. 512, 518 (1974); *United States v. Nichols,* 8 U.S. C.M.A. 119, 23 C.M.R. 343 (1957); *cf. United States v. Worden,* 17 U.S.C.M.A. 486, 38 C.M.R. 284 (1968). While *Maness* and *Nichols* dealt with the prevention of participation by civilian counsel already obtained, we see no reason why the same doctrine should not be applied when an accused has given reasonable notice of his intent to obtain civilian counsel. *Cf. United States v. Donati,* 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963) (counsel for taking deposition).

■ Nor do we see anything in this record on which to base a determination that appellant was unreasonable or was pursuing an improper motive in wishing to replace the civilian counsel with whom he had disagreed. While his request for delay did not specify a time limit, neither is there any indication that a few days' delay would have inconvenienced or prejudiced the interests of the Government. Accordingly, we conclude that the Article 32 investigating officer erred in denying appellant a reasonable opportunity to obtain civilian counsel for the remaining session of the investigation.

## IV

The issue arose again at the trial, albeit not at the outset. The first trial session, convened pursuant to Article 39(a), was held on 25 October 1978.[4] Captain Fletcher, on appellant's behalf, requested a continuance because appellant desired to employ a civilian attorney for the trial and had an appointment with a Mr. Banner of the Dallas bar on 28 October. The military judge granted the continuance, advising appellant that his counsel must be prepared to try the case.

The next Article 39(a) session occurred on 27 November. Mr. Banner had been unable to meet a trial date in November, but had set aside the "week of 4 December" for a trial date. It appeared, however, that a conflict might arise in Federal court, in which event he could not proceed with appellant's trial until after Christmas. Mr. Banner was expected to report within a day or two whether trial in December was possible. Nevertheless, the military judge set a trial date of 18 December and told appellant that, if Mr. Banner could not meet that date, he should retain a different lawyer.

The next Article 39(a) session, on 15 December, was requested by the defense to obtain a further continuance. Finally learning on 8 December that Mr. Banner could not meet the 18 December deadline, appellant, after some delay occasioned in part by military duty requirements, was in the process of securing the services of Mr. Roberts, of the nearby Killeen (Texas) bar, as his defense counsel. Mr. Roberts could not, however, appear in court until the week of 8 January and would not accept the employment unless the trial was delayed until January. The Government protested that it was ready for trial. After hearing from the appellant and Captain Fletcher concerning their efforts to make an early determination of Mr. Banner's availability and to retain another counsel if necessary, the military judge ruled that the trial would proceed on 18 December.

On 18 December, the trial began with an Article 39(a) session at which Captain Fletcher entered appellant's motion for appropriate relief in the form of a new Article 32 investigation because of the investigating officer's refusal to afford him the opportunity to be represented at the second session by civilian counsel.

Asked by the military judge why the motion had not been made in the earlier sessions, Captain Fletcher responded that he had expected throughout the earlier sessions that civilian counsel would be entering

---

4. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1976), authorizes preliminary sessions without court members for such purposes as arraignment, receiving pleas, and hearing motions.

the case.[5] After hearing testimony by the Article 32 investigating officer and the appellant, the military judge denied the motion. The trial proceeded with appellant acting pro se, with Captain Fletcher under instructions from the judge to assist him. As the trial progressed, Captain Fletcher participated increasingly in the examination of witnesses and in other aspects of the defense.

 When an accused is denied a substantial right conferred by Article 32 and makes timely and proper objection, he is entitled to relief whether or not there is or may be any prejudicial effect at the trial. *United States v. Chuculate*, 5 M.J. 143, 144–45 (C.M.A.1978). We already have determined that the pretrial investigating officer denied appellant a substantial right in failing to delay the investigation for a reasonable effort to seek out civilian counsel. The objection was timely.[6] It follows that the military judge erred in denying the motion to reopen the Article 32 investigation.

Whether the military judge also erred in denying a further continuance in the trial so that appellant could be represented by Mr. Roberts on a January date is subject to a different test. The determinant question is whether the ruling amounted to an abuse of discretion. *See Conmy v. Williams*, 20 U.S.C.M.A. 282, 43 C.M.R. 122 (1971); *cf. United States v. Dunks*, 1 M.J. 254, 255 (C.M.A.1976).[7] In view of our disposition of this case, however, we need not decide that question nor are we required to discuss the remaining assigned errors.

For the failure of proof previously noted, the findings of guilty of Specifications 1 through 9, inclusive, of Charge I are set aside and those charges are dismissed. The remaining findings of guilty and the sentence are set aside. The same or a different convening authority may order a rehearing, but any rehearing by a general court-martial necessitates compliance with Articles 32 and 34 of the Uniform Code of Military Justice, 10 U.S.C. §§ 832, 834 (1976).

Judge O'DONNELL and Judge WATKINS concur.

reasonably appeared that he would not be replaced by civilian counsel.

---

5. Moreover, he had advised the military judge at the first Article 39(a) sessions that there were some future motions to be made.

6. Appellant objected to continuing with the proceedings and requested a delay. Relief was next sought from the convening authority. At the trial, after first advising the military judge that there were probable motions to be made, the detailed defense counsel moved for appropriate relief at the first session at which it

7. *Compare United States v. Kinard*, 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972), *with United States v. Potter*, 14 U.S.C.M.A. 118, 33 C.M.R. 330 (1963) (per curiam); *see also United States v. Mathews*, 31 C.M.R. 620, 624–25 (AFBR 1961).