**UNITED STATES, Appellee,**

v.

**Private (E–1) Dale O. BROWN, SSN 217–66–4130, United States Army, Appellant.**

**CM 439875.**

U. S. Army Court of Military Review.

24 Dec. 1980.

Colonel Edward S. Adamkewicz, Jr, JAGC, Major Grifton E. Carden, JAGC, and Major Robert D. Ganstine, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major John T. Meixell, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

On this review of appellant's conviction by a general court-martial, we are asked to set aside the findings and sentence and authorize a rehearing because, the appellant asserts, he was improperly denied "the opportunity to secure civilian counsel."[1] We hold that the trial judge did not abuse his discretion in denying the continuance requested for that purpose.[2]

The robbery with which the appellant was charged occurred at Fort Dix, New Jersey, on 19 January 1980, and he was placed in pretrial confinement on the following day. The charges were preferred on 5 February 1980. At that time, appellant's appeal of an earlier conviction was pending before the United States Court of Military Appeals, where he was being represented by Mr. Alan Katzen of the Baltimore, Maryland bar. Mr. Katzen, who had represented appellant before this court in the case (a 1978 general court-martial conviction for aggravated assault at Fort Lee, Virginia), had filed a petition for grant of review and a brief with the Court of Military Appeals.[3] On 7 February 1980, the

---

1. Appellant was convicted of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922 (1976). One previous conviction being considered, he was sentenced to a dishonorable discharge, confinement at hard labor for five years, and forfeiture of all pay and allowances.

2. A second assigned error asserts that the findings and sentence should be set aside and the charges dismissed because the evidence of guilt is insufficient. We hold that this assignment of error is without merit. See Article 66(c), Uniform Code of Military Justice, *supra*.

3. One of appellant's motions for enlargement while that case was pending before this court indicates that it was appellant's mother who retained the civilian counsel and paid the retainer. Allied Papers, Motion for Enlargement, *United States v. Brown*, CM 437777, 15 June 1979.

petition for review was denied. 8 M.J. 250 (No. 38273/AR).

Appellant was released from pretrial confinement on 24 January, but was again confined on 19 or 20 March 1980, at the Naval Correctional Center in Philadelphia, and remained so until his trial.

On 21 March 1980, appellant was informed of his right to be represented by civilian counsel in connection with the forthcoming Article 32 Investigation of the present charges.[4] According to the report of investigation, he requested that Captain Thomas E. Booth of the Trial Defense Service represent him. After the Article 32 Investigation, the charges were referred to a general court-martial on 10 April and were formally served on appellant the following day.

■ On 15 April, another investigating officer was appointed to conduct additional investigation pursuant to Article 32. The record indicates that this was done at the request of the defense to permit the recording of testimony and cross-examination of two civilian witnesses who could not be found or had not appeared at the earlier session, but who would be present at Fort Dix on 16 April under subpoena to testify in a companion case. When readvised of his right to civilian counsel by the new investigating officer on the day of this additional investigation, appellant responded that he wished to be represented by Mr. Katzen. The investigating officer refused to grant a continuance on that account.[5]

Appellant's trial began on 18 April 1980 with an Article 39(a) session for the purpose of arraignment, at which appellant stated that he wished to be defended "by my civilian counsel... Mr. Katzen." The appellant had not asked Mr. Katzen to represent him. However, after appellant had first indicated that desire in connection with the final session of the pretrial investigation, the detailed defense counsel had tried more than once to reach the civilian counsel, but had · not succeeded. The trial judge permitted appellant to reserve his plea and his decisions as to trial by court members. He reminded the defense that the trial had for some time been scheduled for the period 5–6 May 1980 and asked to be informed on 24 April whether the civilian counsel would represent appellant. He also asked for a brief the same date in support of appellant's intended motion for a new Article 32 Investigation, which motion was grounded in part on the supplementary investigating officer's denial of delay to obtain Mr. Katzen.[6]

At the scheduled session on 24 April, the trial judge was advised that detailed defense counsel had contacted the civilian counsel who, in turn, had said that he would contact appellant's mother and would advise counsel of the outcome. Nothing further had been heard, and detailed counsel had, as before, been able only to reach the civilian counsel's answering service. The judge also learned that the civilian counsel was still owed $150.00 for his previous defense of appellant. The military judge left the trial scheduled for 5 May, for the time being. He gave detailed advice concerning efforts to contact Mr. Katzen and offered to issue any orders found necessary to facilitate phone calls by appellant from the confinement facility.

Reconvening the court on 5 May, the trial judge was advised that Mr. Katzen had left word at the detailed defense counsel's office that he had been unable to make suitable

---

4. Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (1976), requires a formal investigation before any charge is referred to a general court-martial.

5. The denial is not asserted as error in this appeal. Nor do we view it as error under the circumstances. The witnesses whose testimony the defense apparently desired presented a reluctant target of opportunity that could be lost through delay. Appellant was represented by the same individual military counsel who had represented him at the outset (and who was by now also the counsel detailed for trial by the convening orders). Cf. *United States v. Lewis*, 8 M.J. 838, 841–42 (A.C.M.R.1980).

6. The trial judge later denied appellant's motion to reopen the Article 32 Investigation. This is not assigned as error nor do we regard it as such. See note 5, *supra*.

fee arrangements with the appellant's mother and that he would not be appearing in this case on behalf of the appellant. Subsequent efforts of detailed counsel to contact him were unavailing.

Appellant stated a belief that he had not been given adequate time to obtain civilian counsel and, at least by implication, sought a continuance to do so. Later, after an extended discussion with the trial judge, the appellant sought time to arrange for individual military counsel.[7] The trial judge refused to grant a continuance.

█ The trial judge's discussion with appellant and both counsel discloses that, in exercising his discretion, he took into account such factors as the period of time appellant had known of his counsel rights in connection with these proceedings and had known the scheduled trial date; the Government's reliance on the scheduled trial date to the extent of having subpoenaed two inconvenienced and reluctant civilian witnesses to appear, having brought a military witness from Fort Leavenworth (apparently from the U.S. Disciplinary Barracks), and having also arranged for the attendance of appellant's mother on his behalf; the feebleness of appellant's efforts (and excuses) to resolve the fee problem or otherwise secure representation and the existence of ample opportunities to do so notwithstanding his pretrial incarceration; the clear intent of the one civilian counsel being sought not to represent appellant, expressed in his message and implied from his failure to return calls; the lack of any indication or expectation that other civilian

counsel—none were named—could be retained; the lack of any previous attempt to secure other military counsel despite a professed lack of confidence in the detailed counsel; the clear competence of detailed counsel as known to the judge; and the credibility of appellant's statements as to his own actions, desires, and motives.

Ultimately, appellant, who for a time wished to represent himself, then consented to detailed counsel's participation as "co-counsel," announced that the detailed counsel alone would conduct the defense. The trial proceeded competently and without further discussion of the matter.

In light of the circumstances taken into account by the military judge in reaching his decision, we hold that his denial of a continuance was not an abuse of discretion. *See United States v. Alicea-Baez*, 7 M.J. 989, 990–91 (A.C.M.R.1979); *cf. United States v. Lewis*, 8 M.J. 838, 842–43 (A.C.M.R.1980) (trial judge's discretion); *United States v. Kilby*, 3 M.J. 938 (N.C.M.R.1977) (denial of continuance to obtain different individual military counsel).

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge FOREMAN concur.

---

7. Only the failure to grant a continuance to obtain civilian counsel has been assigned as error in this appeal.