**UNITED STATES, Appellee,**

v.

**Private (E–2) Jacques W. PERRY, SSN 225–04–2134, United States Army, Appellant.**

**SPCM 17844.**

U. S. Army Court of Military Review.

5 Nov. 1982.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, II, JAGC, Major Patrick F. Crow, JAGC, and Captain Claudio F. Gnocchi, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain David A. Brown, JAGC, and Captain Michael S. Child, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

At a special court-martial tried in the Republic of Korea by a military judge sitting alone, appellant was found guilty, contrary to his pleas, of wrongful possession, transfer and sale of lysergic acid diethylamide (LSD) in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). His sentence to a bad-conduct discharge, confinement at hard la-
bor for six months, forfeiture of $367.00 pay per month for six months and reduction to Private E–1 was approved by the convening authority.

Appellant has raised several assignments of error *pro se* in a holographic note attached to his request for appellate representation which appellate defense counsel have properly identified in accordance with *United States v. Grostefon,* 12 M.J. 431 (CMA 1982). Only one warrants discussion: did the military judge abuse his discretion in denying appellant a continuance to obtain individual military defense counsel? We hold that he did not.

Appellant was assigned to the 25th Infantry Division, an organization based in Hawaii. In March 1982, elements of the division, including appellant's unit, deployed to Korea to engage in military exercises. On 15 March 1982, appellant was apprehended for and confessed to committing the offenses of which he stands convicted. An Army judge advocate assigned to the Trial Defense Service in Korea was detailed to represent him. Appellant was initially contacted by detailed defense counsel on 24 March and advised by him of his rights to counsel under Article 38(b) of the Code, 10 U.S.C. § 838(b). The detailed defense counsel ascertained that appellant did not desire representation by individual military or civilian counsel. About a week before trial, appellant decided that he wanted to be represented by individual military counsel. However, he was unable to inform his detailed defense counsel of his wish because the latter was in court that week. Consequently, the first time appellant conveyed his request for individual military counsel to anyone in authority was on 10 April, when the military judge inquired into the matter at trial.

During the course of this inquiry, the military judge learned that appellant: desired to be represented by a certain Air Force judge advocate stationed at Pearl Harbor, Hawaii; had not made a formal request in writing for the officer; had not entered into an attorney-client relationship with that officer; and desired a continu-

ance in order to ascertain if the officer would be available to represent him. The military judge denied the continuance by ruling that the request was untimely and that, based on paragraph 48b(2), Manual for Courts-Martial, United States, 1969 (Revised edition) (as amended by Executive Order No. 12340, dated 20 January 1982), it was unlikely the Air Force judge advocate would be available to represent him.

■ In general, the decision to grant a continuance is one left to the sound discretion of the military judge and should not be reversed except for abuse. *United States v. Dunks,* 1 M.J. 254 (CMA 1976); *United States v. Kinard,* 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972); Article 40, Uniform Code of Military Justice, 10 U.S.C. § 840 (1976); paragraph 58b, Manual for Courts-Martial, United States, 1969 (Revised edition). The test for abuse involves a balancing of the parties' interests. Where the accused is the moving party, the military judge must weigh the underlying basis for the continuance against the adverse consequences to the prosecution from delaying the trial. If the accused's request for a continuance is grounded on a substantial right and where the prosecution's only basis for opposition is administrative inconvenience, its denial may constitute an abuse of discretion. *See, e.g., United States v. Furgason,* 6 M.J. 844, 848 (NCMR 1979). However, if the request, though purporting to assert a substantial right, in fact does not do so or is not made in good faith but solely to vex the prosecution, it need not be countenanced and may properly be denied. *United States v. Daniels,* 11 U.S.C.M.A. 52, 28 C.M.R. 276 (1959); *United States v. Alicea-Baez,* 7 M.J. 989 (ACMR 1979).

■ Initially, we observe that there is no evidence to indicate appellant's request for

a continuance was advanced to harass the prosecution. Furthermore, we note that the prosecution, in part because the military judge did not request it, presented no evidence to show how it would have been harmed had the request been granted. While these factors could, in an appropriate case, affect the outcome on the issue of abuse of discretion, they do not do so here. Resolution of that issue depends on whether appellant's request was premised upon some substantial right which was abrogated to his prejudice by the military judge's ruling. For the reasons set forth below, we find that appellant's request for a continuance was not based upon a substantial right. Therefore, its denial by the military judge was not an abuse of discretion.

Underlying appellant's request for a continuance is the right to secure representation by military counsel of his choice. This right emanates from Article 38(b) of the Code and has been held to be a valuable one. *United States v. Kinard,* 21 U.S.C.M.A. at 303, 45 C.M.R. at 74; *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). However, it is limited by the provisions of the statute and its implementing directives. An accused is entitled to be represented by a particular military counsel only if that person is reasonably available. Article 38(b)(7) of the Code delegates to the service Secretaries the authority to define the term "reasonably available." Pursuant to this provision, the Secretary of the Army promulgated paragraph 2–14, Army Regulation 27–10, *Legal Services—Military Justice* (Interim Change I05, 20 January 1982), which essentially adopted the language of paragraph 48b(2) of the Manual. Paragraph 48b(2) specifically prohibits certain categories of persons from being made available to act as individual military counsel.* Among them are persons of a differ-

---

* Paragraph 48b(2) of the Manual states,

> (2) *Persons not "reasonably available."* While so assigned, the following persons are unavailable to serve as individual military counsel because of the nature of their duties or positions: a flag or general officer; a trial or appellate military judge; a trial counsel; an appellate defense or government counsel; a principal legal advisor to a command, or-

ganization, or agency and his principal assistant; an instructor or student at a service school or academy; a student at a college or university; or a member of the staff of the Judge Advocate General of the Army, Navy, or Air Force, the Chief Counsel of the Coast Guard, or the Director, Judge Advocate Division, Headquarters, Marine Corps. These are in addition to any persons the Secretary con-

ent armed force from that of the accused unless they are located within 100 miles of the place where the proceeding is being held and are not otherwise unavailable. Two exceptions, contained in paragraph 48*b* (3) of the Manual, exist to the aforementioned prohibited categories. Where the accused asserts that he has an existing attorney-client relationship with the requested individual concerning the charged offenses or where that individual would not be in a prohibited category of persons at the time of trial, then that individual may be made available to represent him.

In the instant case, the individual requested by the appellant was an Air Force officer located more than 100 miles from the place of trial and thus, was among those persons prohibited from acting as appellant's individual military counsel. Moreover, appellant admitted he had not previously formed an attorney-client relationship with him nor did he assert that such individual would not be in a prohibited category at the time of trial. Appellant therefore had no right to be represented by the person he requested to be his counsel.

■ Normally this would be dispositive of the issue before us. However, one other matter must be addressed. The provisions of paragraph 48*b*(3) of the Manual governing disposition of requests for individual military counsel were not complied with in this case. That paragraph provides:

The request for an individual military counsel should be made by the accused or his detailed defense counsel to the convening authority, through the trial counsel. If the person is among those listed as unavailable under subparagraph (2) or under regulations of the Secretary concerned, the convening authority shall no-

tify the accused that the request is denied, unless the request asserts that there is an existing attorney-client relationship regarding a charge in question or that the person requested will not, at the time of trial, be among those so listed as unavailable. If the accused's request makes such a claim, or if the person requested is not among those listed as unavailable under subparagraph (2) or under regulations of the Secretary concerned, the convening authority shall forward the request to the commanding officer or head of the organization, activity, or agency to which the person requested is assigned. That authority will make an administrative determination as to the availability of the requested person in accordance with the procedure established by the Secretary concerned. This determination is a matter within the sole discretion of that authority. An adverse determination may be appealed by the accused through that authority to the next higher commanding officer or level of supervision, but appeals may not be made which require action at the departmental or higher level.

Although the military judge's denial of the continuance precluded appellant from submitting his request to the convening authority, we find he was not harmed thereby. The procedure described in paragraph 48*b* (3) of the Manual does not create a right of substance for accused persons requesting individuals specifically prohibited by paragraph 48*b* (2) of the Manual from acting as individual military counsel. Its sole purpose is to make the convening authority responsible for effecting notification to the accused of his nonentitlement to representation by that particular individual. Even if appellant had submitted his request for

cerned may determine to be unavailable to act as individual military counsel because of the nature or responsibilities of their assignments, geographic considerations, exigent circumstances, or military necessity. Further, persons from an armed force different from that of the accused are unavailable to serve as individual military counsel unless they are located within 100 miles of where the general or special court-martial or Article 32 investigation is to be held and they are not

otherwise unavailable. Under circumstances prescribed by the Secretary concerned, exceptions may be made to the foregoing prohibitions when merited by the existence of an attorney-client relationship between the accused and the requested counsel regarding matters relating to a charge in question. However, if the attorney-client relationship arose solely because the counsel represented the accused on review under Article 70, this exception does not apply.

counsel to the convening authority, the latter would have had no discretion to approve it. There is no requirement to grant a continuance simply to comply with a procedural rule which confers no substantive benefit upon appellant.

Accordingly, the military judge did not abuse his discretion in denying appellant's request for a continuance to obtain individual military counsel. The remaining assignments of error are also without merit.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge FOREMAN concur.